IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARK KRIVOI,

                     Plaintiff,

       -against-

CITY OF NEW YORK, KINGS COUNTY
DISTRICT ATTORNEY'S OFFICE, and SAFE
HORIZON, INC.,

                   Defendant.

-----------------------------------------------------------X

Civil case No.: 16-CV-5169

**AMENDED COMPLAINT**

**JURY TRIAL DEMAND**

       Plaintiff Mark Krivoi ("Mr. Krivoi" or "Plaintiff"), by and through his attorneys, Tamir Law Group P.C., complaining of the defendants herein, respectfully alleges, upon information and belief:

## NATURE OF THE ACTION

       1.    This action is brought by Mr. Krivoi for monetary relief for the violation of his Civil Rights pursuant to 42 U.S.C. §§ 1983 and 1988; violation of due process; false arrest; false imprisonment; malicious prosecution; emotional distress; negligence; negligent misrepresentation; physical injury; monetary loss; and legal expenses.

## JURISICTION AND VENUE

       2.    This court has jurisdiction over this action, pursuant to 28 U.S.C. §1331 for all civil actions arising under the Constitution, and pursuant to 42 U.S.C. §1983 for the deprivation and violation of Mr. Krivoi's civil rights.

3.      The causes of action alleged herein arose in the County of Kings, Eastern District of New York.

**PARTIES**

4.      Plaintiff, Mr. Krivoi, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

5.      Defendant, City of New York (the "City"), at all times herein mentioned was and still is a municipal organization organized under the laws of the State of New York.

6.      Defendant City was at all times relevant herein the public employer of defendant Kings County District Attorney's Office ("KCDA," and referred to collectively with the City as "City Defendants").

7.      That upon information and belief, at all times herein mentioned, KCDA, was and still is a domestic entity organized and existing under and by virtue of the laws of the State of New York.

8.      At all times relevant herein, KCDA was, and is, a municipal agency of the City.

9.      At all times relevant herein, KCDA was acting under color of the laws, statutes, ordinances, regulations, policies, customs, and/or usages of the City, and acting for, and on behalf of, and with the power and authority vested in it by the City.

10.     At all times herein mentioned, defendant, Safe Horizon, Inc. ("Safe Horizon", and referred to collectively with the City and KCDA as "Defendants"), was and still is a domestic entity organized and existing under and by virtue of the laws of the State of New York with its principal place of business located in the City, State and County of New York.

11.     At all times relevant herein, Safe Horizon was a contractor, agent, and/or servant of the City.

2

12.    Mr. Krivoi has complied with all the conditions precedent set forth in the General Municipal Law 50-E.

13.    Plaintiff served a Notice of Claim upon the City of New York within ninety (90) days after the claim arose and more than thirty (30) days have elapsed since the service of the Notice of Claim.

14.    Plaintiff commenced this action within one (1) year and ninety (90) days after the cause of action accrued.

## STATEMENT OF FACTS

15.    At all times relevant herein, the City and Safe Horizon entered into an agreement whereby Safe Horizon agreed to collect restitution payments and distribute them to the restitution designees on behalf of the City criminal courts and New York State Supreme Courts.

16.    Pursuant to the agreement between the City and Safe Horizon, Safe Horizon was and is obligated to report the status of individual cases to the criminal courts in each county.

17.    However, the City and Safe Horizon have a custom and policy in which Safe Horizons does not actively inform the City of when restitution payments are made.

18.    The City has outsourced a core government function without adequately ensuring that the function is done competently and that appropriate records are maintained.

19.    On or about November 3, 2015 Mr. Krivoi was at the New York Police Department 94th Precinct after being detained for an unrelated matter.

20.    While at the precinct, a detective advised Mr. Krivoi that there was an outstanding bench warrant for Mr. Krivoi's arrest for failure to pay restitution to Safe Horizon in the amount of One Hundred Five Dollars ($105.00), in the case of People of the State of New York vs. Mark Krivoi, docket number 2012KN07998.

21.     Mr. Krivoi objected to the allegations that he had failed to pay restitution, and explained to the detective that he had previously paid said restitution.

22.     Despite Mr. Krivoi's objections to the allegations, the police arrested, detained, and placed Mr. Krivoi in jail until his arraignment.

23.     The detective at the 94th precinct informed Mr. Krivoi that without the outstanding warrant Mr. Krivoi would have received a desk appearance ticket and would have been released that day.

24.     At his arraignment, the judge stated that there was an open warrant against Mr. Krivoi, for failure to pay restitution in the amount of One Hundred Five Dollars ($105.00) from a charge in 2012.

25.     Mr. Krivoi again denied the allegation that he had an unpaid and outstanding payment and insisted that he paid said restitution in full within the timeframe established by the court for the prior charge.

26.     In fact, on or about April 11, 2013, Mr. Krivoi paid the One Hundred Five Dollars ($105.00) in person in the form of a money order to Safe Horizon.

27.     On or about April 11, 2013, pursuant to the court's instructions, Mr. Krivoi gave a copy of the receipt of payment that he received from Safe Horizon evidencing payment of his court ordered restitution in the sum of One Hundred Five dollars ($105.00) to the court clerk in the part in which he initially appeared for arraignment.

28.     Despite Plaintiff's objections to the allegations, the Court placed Plaintiff in jail on remand, based on the incorrect representations, direct and indirect, of Defendants that the restitution had not been paid.

29.     After spending six days in jail at Riker's Island, the court finally ordered that Mr. Krivoi be released on November 9, 2015, and scheduled another court date to determine if the warrant was legitimate.

30.     Upon information and belief, despite Mr. Krivoi's protestations that he had paid, KCDA took no actions to investigate whether Mr. Krivoi had in fact paid his restitution.

31.     Upon information and belief, KCDA had a custom and policy whereby it did not and does not take any affirmative action to verify whether an accused defendant who contested that he had paid his restitution has in fact done so.

32.     KCDA maintained said policy with the knowledge and consent of the City.

33.     Upon information and belief, Safe Horizon had a custom and policy whereby it did not and does not take any affirmative action to verify whether an accused defendant who contested that he had paid his restitution has in fact done so.

34.     Safe Horizon maintained said policy with the knowledge and consent of the City.

35.     Upon information and belief, as a result of Defendants various customs and policies, wrongfully accused defendants, including Mr. Krivoi, were required to wrongfully spend time in jail.

36.     During his week in Riker's, Mr. Krivoi observed numerous instances of assault, including another inmate, whose bunk was next to Mr. Krivoi, having urine and feces thrown on him and being repeatedly assaulted by other inmates; confinement to his bed after an inmate slashed a guard's face with a knife; and several inmates threatening Mr. Krivoi after he overheard a conversation about their intent to commit a crime.

37.     Mr. Krivoi's attorneys, under the instruction of the court, went to the General Clerk's office in the Kings County Criminal Court and inquired if there was any record that Mr.

Krivoi had paid the restitution related to the alleged warrant. The Clerk informed counsel on two separate occasions that there was no record that Mr. Krivoi had paid the restitution and that counsel should check Safe Horizon's records.

38.     Mr. Krivoi's counsel contacted Safe Horizon several times, both in person and by phone. In each instance, representatives of Safe Horizon confirmed that their system indicated that the Plaintiff had not paid the restitution and the full amount of One Hundred Five dollars ($105.00) was still outstanding.

39.     The Safe Horizon office where criminal defendants were instructed to make restitution payments is located within the Criminal Court building in Kings County.

40.     Plaintiff's counsel proceeded to obtain a court ordered subpoena ordering Safe Horizon to produce Mr. Krivoi's file.

41.     Safe Horizon produced its file in response to the subpoena, and the file indicated unequivocally that the representations Safe Horizon made to Mr. Krivoi's counsel were untrue and that, in fact, Mr. Krivoi made the restitution payment related to the warrant, in full and timely manner.

42.     On March 3, 2016, after multiple court appearances, the court dismissed the warrant upon reviewing the documents that Mr. Krivoi's counsel had obtained from Safe Horizon only in response to the subpoena.

43.     As a result of the above, Mr. Krivoi was improperly and illegally incarcerated from November 3, 2015 to November 9, 2015.

44.     It was the error and negligence of the Defendants that caused Plaintiff to be incarcerated for that same time period.

45.     Safe Horizon incorrectly and negligently advised the Court and Mr. Krivoi that he did not pay the One Hundred Five dollars ($105.00) in restitution, resulting in his illegal incarceration.

46.     Contained within Safe Horizon's records under Case No: KC13S0046, is a copy of the money order issued by Mr. Krivoi to Safe Horizon for the full amount of One Hundred Five dollars ($105.00), along with receipt No. 534468 which details that he paid the restitution obligation in full on or about April 11, 2013.

47.     Upon information and belief, the City knew or should have known that Safe Horizon had made and continues to make such errors in its recordkeeping of restitution payments.

48.     However, the City continues its custom and policy of outsourcing this core government function to Safe Horizon.

49.     As such, Mr. Krivoi's incarceration was improper and illegal because, as evidenced above, Mr. Krivoi paid the restitution requirement in full to Safe Horizon on or about April 11, 2013 and gave a copy of the receipt of payment to the court.

50.     Defendants permitted and enabled an unreasonable restriction of Mr. Krivoi's freedom and liberty as Mr. Krivoi was subjected to unlawful seizure, false arrest, and false imprisonment.

51.     As a result of Defendants' actions, Mr. Krivoi suffered damages including physical injury, mental and emotional distress, humiliation, monetary loss, and a violation of his civil and constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL & STATE DUE PROCESS VIOLATIONS

52.     Mr. Krivoi repeats and reiterates each and every allegation contained in paragraphs "1" through "51" of the Amended Complaint herein with the same force and effect as if more fully set forth herein.

53.     Defendants and their agents and/or employees violated Mr. Krivoi's Fifth and Fourteenth Amendments due process rights, and the New York State Constitution, as a result of their permitting Mr. Krivoi to remain detained and incarcerated for six days despite his protestations of innocence.

54.     Defendants failed to take reasonable precautions to prevent Mr. Krivoi from incarceration despite the fact that he had already paid restitution.

55.     Defendants acted with deliberate indifference in failing to take any steps to ascertain whether Mr. Krivoi had actually made his prior restitution payment.

56.     Defendants and their agents, servants, and/or employees made misrepresentations of fact and presented false evidence that they knew or should have known was untrue and inaccurate.

57.     Moreover, upon information and belief, pursuant to its contract with Safe Horizon, the City Defendants should have had access to reports indicating that Mr. Krivoi had completed his restitution payments.

58.     Safe Horizon had a duty to correctly record and actively inform the City Defendants as soon as Mr. Krivoi made his restitution obligation payment in full, but Safe Horizon failed to do so in breach of its duty to Mr. Krivoi.

59.     Alternatively, the City Defendants could have communicated with Safe Horizon in order to confirm that Mr. Krivoi had paid his restitution obligation in full.

8

60.     In providing false information against Mr. Krivoi, the Defendants and their agents and/or employees violated Mr. Krivoi's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, and the New York State Constitution.

61.     As a result of the conduct of Defendants, Mr. Krivoi was deprived of his liberty without due process of law.

62.     As a result of the foregoing, Mr. Krivoi suffered damages including physical injury, mental and emotional distress, humiliation, monetary loss, and a violation of his civil and constitutional rights.

## AS AND FOR A SECOND CAUSE OF ACTION
## FEDERAL & STATE FALSE ARREST/IMPRISONMENT

63.     Mr. Krivoi repeats and reiterates each and every allegation contained in paragraphs "1" through "62" of the Amended Complaint herein with the same force and effect as if more fully set forth herein.

64.     The City and its agents and/or employees violated the Fourth Amendment, and the New York State Constitution, by arresting Mr. Krivoi and/or causing him to be arrested without probable cause.

65.     The City detained Mr. Krivoi on the basis of an invalid warrant in violation of his Fourth Amendment rights.

66.     Alternatively, even if the City Defendants initially had probable cause to have Mr. Krivoi detained, the City Defendants and their agents and/or employees violated Mr. Krivoi's Fourth Amendment rights, and the New York State Constitution, by allowing Mr. Krivoi to remain detained despite his protestations that he had paid his restitution in full for six days.

9

67.     The City Defendants failed to take reasonable precautions to prevent Mr. Krivoi from being wrongfully detained despite the fact that he had already paid restitution.

68.     The City Defendants failed to act reasonably to ascertain whether Mr. Krivoi had paid restitution.

69.     The City Defendants knew or should have known that Mr. Krivoi had paid restitution.

70.     The City Defendants intended to confine Mr. Krivoi to a correctional facility against his will.

71.     Mr. Krivoi was conscious of his confinement and did not consent to his confinement.

72.     Mr. Krivoi's confinement by the City Defendants was not lawful.

73.     As a result of the foregoing, Mr. Krivoi suffered damages including physical injury, mental and emotional distress, humiliation, monetary loss, and a violation of his civil and constitutional rights.

74.     Mr. Krivoi did not consent to his confinement and strenuously objected to the court.

75.     The City unlawfully detained Mr. Krivoi.

76.     As a result of the foregoing, Mr. Krivoi suffered damages including physical injury, mental and emotional distress, humiliation, monetary loss, and a violation of his civil and constitutional rights.

## AS AND FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. §§ 1983, 1988

77.     Mr. Krivoi repeats and reiterates each and every allegation contained in paragraphs "1" through "76" of the Amended Complaint herein with the same force and effect as if more fully set forth herein.

78.     The City Defendants, their agents and/or employees, by their conduct towards Mr. Krivoi as alleged herein, falsely imprisoned and violated the due process rights of Mr. Krivoi.

79.     The policy and custom maintained by Defendants whereby Defendants failed to take any investigatory actions or to take readily available steps to verify whether Mr. Krivoi, or any other defendants, had paid court ordered restitution for his prior charge is actionable under 42 U.S.C. § 1983.

80.     Defendants' failure to take any investigatory actions or to take readily available steps to verify whether Mr. Krivoi had paid his restitution for his prior charge is actionable under 42 U.S.C. § 1983.

81.     Defendants, their agents and/or employees, by their conduct towards Mr. Krivoi as alleged herein, violated Mr. Krivoi's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and the New York State Constitution.

82.     As a result of the foregoing, Plaintiff suffered damage including physical injury, mental and emotional distress, humiliation, monetary loss, and a violation of his civil and constitutional rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
### FEDERAL & STATE MALICIOUS PROSECUTION

83.     Mr. Krivoi repeats and reiterates each and every allegation contained in paragraphs "1" through "82" of the Amended Complaint herein with the same force and effect as if more fully set forth herein.

11

84.     Defendants and their agents and/or employees initiated criminal proceedings against Mr. Krivoi by issuing and/or causing to be issued legal process against him.

85.     Defendants and their agents and/or employees lacked probable cause to commence criminal proceedings against Plaintiff.

86.     Defendants and their agents and/or employees lacked probable cause to maintain criminal proceedings against Plaintiff.

87.     Defendants and their agents and/or employees' actions were motivated by actual malice.

88.     Malice may be inferred as to the actions against the Defendants and their agents and/or employees due to their wanton, reckless, or grossly negligent disregard for Mr. Krivoi's rights.

89.     The criminal proceeding was terminated in Mr. Krivoi's favor.

90.     As a result of the foregoing, Mr. Krivoi suffered damages including physical injury, mental and emotional distress, humiliation, monetary loss, and a violation of his civil and constitutional rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
### NEGLIGENCE

91.     Mr. Krivoi repeats and reiterates each and every allegation contained in paragraphs "1" through "90" of the Amended Complaint herein with the same force and effect as if more fully set forth herein.

92.     Safe Horizon, and its agents and/or employees owed a duty to Mr. Krivoi under common law.

93.     Safe Horizon provided Mr. Krivoi and his representatives with false information regarding whether he had paid restitution.

94.    Safe Horizon thereafter refused to provide Mr. Krivoi and his representatives with accurate information and forced Mr. Krivoi's counsel to subpoena his records.

95.    Safe Horizon failed to use reasonable care in maintaining its records of restitution payments.

96.    Safe Horizon failed to train and/or supervise its employees to ensure that said employees impart accurate information to the public.

97.    Safe Horizon's foregoing negligence and breach of duty was the proximate cause of Mr. Krivoi's injuries.

98.    As a result of the foregoing, Mr. Krivoi suffered damagse including physical injury, mental and emotional distress, humiliation, monetary loss, and a violation of his civil and constitutional rights.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

99.    Mr. Krivoi repeats and reiterates each and every allegation contained in paragraphs "1" through "98" of the Amended Complaint herein with the same force and effect as if more fully set forth herein.

100.   Safe Horizon's status as an agent of the City imparted a duty upon Safe Horizon to impart correct information to Mr. Krivoi.

101.   Safe Horizon provided inaccurate information to Mr. Krivoi.

102.   Safe Horizon knew or should have known that third parties including Mr. Krivoi and the City Defendants would rely on Safe Horizon to maintain accurate copies of restitution payments.

103.    Safe Horizon knew or should have known that the City Defendants, Mr. Krivoi, and the general public would rely upon Safe Horizon to provide accurate records of restitution payments.

104.    Mr. Krivoi and the City Defendants reasonably relied upon the information provided by Safe Horizon.

105.    As a result of the foregoing, Mr. Krivoi suffered damages including physical injury, mental and emotional distress, humiliation, monetary loss, and a violation of his civil and constitutional rights.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

106.    Mr. Krivoi repeats and reiterates each and every allegation contained in paragraphs "1" through "105" of the Amended Complaint herein with the same force and effect as if more fully set forth herein.

107.    Safe Horizon breached its duty to Mr. Krivoi.

108.    Safe Horizon's breach of its duty owed to Mr. Krivoi unreasonably endangered his safety and caused Mr. Krivoi to fear for his safety.

109.    Safe Horizon's refusal to provide Mr. Krivoi with proof that he had paid restitution, which resulted in his incarceration, was intolerable and outrageous.

110.    As a result of the foregoing, Mr. Krivoi suffered damages including physical injury, mental and emotional distress, suffering, humiliation, monetary loss, and a violation of his civil and constitutional rights.

WHEREFORE, Mr. Krivoi demands judgment against the Defendants in this action, jointly and severally for compensatory damages, for punitive damages on each cause of action, awarding

14

Mr. Krivoi reasonable attorneys' fees, costs and disbursements of this action, and such other and further relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury in this action on each and every one of their claims.

Dated: New York, New York
April 21, 2017

TAMIR LAW GROUP P.C.

Andrew Kurtz, Esq.
30 Broad Street, 14th Floor
New York, NY 10004
(212) 444-9970
*Attorneys for Plaintiff*

15

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                                )    ss.:
COUNTY OF NEW YORK )

       I, ANDREW KURTZ, an attorney admitted to practice in the courts of New York State, state that I am an attorney with the law firm of TAMIR LAW GROUP P.C., the attorneys of record for Plaintiff in the within action; I have read the foregoing AMENDED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by Plaintiff is that Plaintiff does not reside within the County of New York where affirmant's office is located.

       The grounds of my belief as to all matters not stated upon my own knowledge are as follows: records and information in affirmant's possession.

       I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
        April 21, 2017

                                        _____
                                           ANDREW KURTZ

16