16-CV-5169 (NGG) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARK KRIVOI,

                                                                    Plaintiff,

                                    - against -

CITY OF NEW YORK, et al.,

                                                                    Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S RULE 72 OBJECTIONS TO
MAGISTRATE JUDGE POLLAK'S REPORT AND
RECOMMENDATION, DATED MARCH 16, 2018**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Nicholas Manningham*
*Tel:  (212) 356-2617*
*Matter No. 2016-036713*

## **PRELIMINARY STATEMENT**

In the Defendant's Rule 72 Objections to Magistrate Judge Pollak's Report and Recommendation ("Rule 72 Objections"), the City objected to three specific portions of Judge Pollak's R & R. Specifically, this Court should decline to adopt the R & R for the following three reasons: (1) Judge Pollak erred in finding plaintiff plausibly alleged a claim for municipal liability despite the absence of factual allegations necessary to support the inference of a municipal policy or custom; (2) Judge Pollak overlooked the fact that plaintiff did not plead any intentional conduct by the City; and (3) Judge Pollak should not have granted plaintiff leave to amend his complaint to add a claim for failure to train or supervise. This Court should review these specific portions of Judge Pollak's R & R under a de novo standard of review.

Plaintiff failed to respond to, or even address, the City's third argument that Judge Pollak incorrectly granted leave to amend the complaint, and, as such, the Court should grant that portion of the City's objection as unopposed. See Missere v. St. John's Univ., No. 15-CV-771 (JMA)(AYS), 2018 U.S. Dist. LEXIS 10001, at *14 (E.D.N.Y. Jan. 19, 2018) ("a party concede[s] through silence arguments by its opponents that it fails to address") (quotation and citation omitted); see also In re UBS Ag Sec. Litig., No. 07-CV-11225 (RJS), 2012 U.S. Dist. LEXIS, at *69, n.19 (S.D.N.Y. Sept. 28, 2012) (deeming arguments not address in an opposition brief waived).

## **ARGUMENT**

### **POINT I**

### **THIS COURT SHOULD REVIEW JUDGE POLLAK'S REPORT AND RECOMMENDATION UNDER A DE NOVO STANDARD OF REVIEW**

Plaintiff argues that this Court should review the R & R only for clear error

because "the City simply rehashes the same arguments it made on its motion to dismiss." See Plaintiff's Response to Defendants' Objections to Magistrate Judge Pollak's Report and Recommendation ("Plaintiff's Response"), at 4.   This is completely inaccurate, as the City specifically objected to three portions of Judge Pollak's R & R and tailored new arguments in support of each objection.   Thus, this Court should conduct a de novo review of those three portions. Friedman v. Self Help Cmty. Servs., No. 11-CV-3210 (NGG) (JMA), No. 2015 US Dist LEXIS 32872, at *11 (E.D.N.Y. Mar. 17, 2015) (if an objecting party "point[s] out the specific portions of the report and recommendation to which that party objects," the district court "must make a de novo determination of those portions") (quotations and citations omitted).

First, the City objected to Judge Pollak's finding that plaintiff plausibly alleged a municipal liability claim.   Rule 72 Objections at 3.   To support this objection, the City argued that "Judge Pollak overlooked the fact that plaintiff failed to point to a single incident, other than his own, of similar misconduct by the defendants, and accordingly, did not address the City's argument that pointing to a single incident of unconstitutional activity is not sufficient to state a claim for municipal liability."   Rule 72 Objections at 7.   Second, the City objected to Judge Pollak overlooking the fact that plaintiff did not plead any intentional conduct by the City.   Rule 72 Objections at 3, 13-15.   Finally, the City objected to Judge Pollak's decision to grant plaintiff leave to amend his complaint a second time and add a failure to train claim.   Rule 72 Objections at 3.   In support of this objection, the City was required to, for the first time, make the argument that plaintiff did not meet the requirements to plead a failure to train or supervise claim.   Rule 72 Objections at 9-12.   The City was not previously required to make this argument in its motion to dismiss since plaintiff first alleged the failure to train claim in his Opposition to the City's motion.   Thus, contrary to plaintiff's contention, the City did not simply "rehash" old arguments

from its motion to dismiss.

Plaintiff himself admits that "The City's Objection disputes the portion of the R & R finding that [1] Plaintiff alleged a custom and policy sufficient to establish municipal liability against the City, [2] that Plaintiff plead [*sic*] intentional conduct, and [3] the granting of the right to amend to add a failure to train cause of action." Plaintiff's Response at 4, fn. 1. By plaintiff's own admission, therefore, the Court should review those three portions of Judge Pollak's R & R de novo. For the reasons stated in the City's Rule 72 Objections, applying a de novo standard of review, this Court should decline to adopt the R & R and grant the City's motion to dismiss.[1]

## POINT II

### PLAINTIFF'S RESPONSE DOES NOT DIRECTLY ADDRESS THE ARGUMENTS IN THE CITY'S RULE 72 OBJECTION

Plaintiff devotes a majority of his response to rearguing that he has sufficiently alleged facts to state a § 1983 claim against the City—and even devotes a section to restating the standard of review on a motion to dismiss. Plaintiff's Response at 4-10. However, plaintiff's response does not directly address any of the City's three objections to Magistrate Judge Pollak's R & R. Indeed, plaintiff does not even address the City's specific objection that Judge Pollak incorrectly granted leave to amend the complaint.

Plaintiff spends a majority of his response arguing that the Amended Complaint pleads an unconstitutional "custom or policy" by the Kings County District Attorney's Office ("KCDA"). Plaintiff's Response at 6. However, plaintiff does not address the City's argument that Judge Pollak overlooked the fact that plaintiff failed to point to a single incident, other than his own, of similar misconduct by the defendants. Rule 72 Objections at 7. The City supported

---

[1] Even if this Court were to apply a clear error standard of review, for the reasons set forth in the City's papers that Magistrate Judge Pollak's R & R was clearly contrary to case law.

this argument with citations to Second Circuit case law stating that a single incident alleged in a complaint is insufficient to plead a claim for municipal liability. Rule 72 Objections at 7-9.

In response, plaintiff argues that a single instance of misconduct can be the basis for a custom or policy where the misconduct was the result of a decision of a municipal policymaker. Plaintiff's Response at 8-9. Under this theory, "municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986). While actions by an individual with final decision-making authority may constitute official policy, that individual must "be responsible for establishing final government policy" for such liability to attach. Id. at 483. A District Attorney may be considered a municipal policymaker when he or she acts as a manager of the DA's Office regarding administrative matters. Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993).

Here, plaintiff has not alleged that the actions of the District Attorney caused his alleged injury. He argues instead that the District Attorney's *Office* was a municipal policymaker and did not take any steps to determine if plaintiff actually made his court-ordered restitution payment. Plaintiff's Response at 9. However, plaintiff does not argue that the District Attorney himself failed to take steps to determine if he paid his restitution, nor does plaintiff argue that the District Attorney's policy decision caused his alleged injury. In fact, the Amended Complaint admits that there was a contractual provision in place for determining whether individuals paid restitution. Specifically, the Amended Complaint alleges that there was an agreement between the City and Safe Horizon whereby Safe Horizon was obligated to report on the status of individual restitution payments to criminal courts in each county. Amended

4

Complaint ("AC"), ¶ 16.    Plaintiff does not argue that this contractual provision caused his alleged injury, as it appears that Horizon was in breach of this contractual requirement.

Instead, plaintiff has consistently argued that there was a "custom or policy" of failing to "take any affirmative action to verify whether an accused defendant who contested that he had paid his restitution has in fact done so." AC, ¶33.  Thus, plaintiff is attempting to establish municipal liability through a custom or usage theory.   But, to show such a custom or policy, plaintiff is required to show other instances of similar misconduct, which he does not.[2]

Plaintiff also attempts to show a policy and custom in his response to the City's Rule 72 Objections by arguing that co-defendant Safe Horizon admits in its Answer to the Amended Complaint that it has a custom and policy of not reporting on restitution payments to the Courts.  Plaintiff's Response at 7.   However, this argument misapplies the standard for motions made under Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss, the district court is generally required to look only to the allegations in the complaint, <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007), or documents that are attached to the complaint or incorporated by reference. <u>Id.</u>  Here, however, co-defendants answer is neither attached to the complaint nor incorporated by reference, and, thus, cannot be used to show a custom or policy.

### POINT III

### PLAINTIFF HAS NOT ALLEGED INTENTIONAL CONDUCT

Plaintiff also argues in his response that the City "grossly misstates [plaintiff's] allegations that it was the intentional custom and policy of KCDA, the City, and Safe Horizon . . . that resulted in the issuance of a bench warrant based on false information and his spending six

---

[2] See the City's Rule 72 Objection, at pp. 5-6, for a discussion on why plaintiff has not alleged similar instances of misconduct.

days in jail." Plaintiff's Response at 10.  However, plaintiff, once again, fails to address the City's argument.  This time plaintiff did not address the City's argument that the standard for a Monell claim is deliberative indifference, not negligence, and that plaintiff's complaint does not allege any facts which could demonstrate that the City's conduct was deliberately indifferent— that is, that the City was actually aware of repeated, contextually similar, improprieties and that the City was deliberately indifferent to the problem.  Rule 72 Objections, at 13-15.  Plaintiff merely relies on a conlcusory statement that the City's intentional custom and policy caused his alleged injury without any facts to suggest that the City was aware of similar instances of misconduct.

## CONCLUSION

The City objected to three specific portions of Judge Pollak's R & R, and thus, this Court should review those specific portions under a de novo standard of review.  Reviewing those three portions de novo, this Court should grant the City's motion to dismiss, as plaintiff has failed to allege a claim against the City under any theory of municipal liability.

DATED:     New York, New York
           May 3, 2018

                         Respectfully submitted,

                         ZACHARY W. CARTER
                         Corporation Counsel of the City of New York
                         *Attorney for Defendant City of New York*
                         100 Church Street, Room 3-138
                         New York, New York 10007
                         (212) 356-2617
                         nmanning@law.nyc.gov

                   By:   _____
                         Nicholas Manningham
                         *Assistant Corporation Counsel*